IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| Autumn Ervin<br>    An individual | )<br>)<br>) | |
|     Plaintiff, | )<br>) | |
| v. | )<br>) | 14-CV-329-SPS |
| (1) Bobrick Washroom Equipment,<br>    Inc., d/b/a Gamco Commercial<br>    Restroom Accessories.<br>        A foreign corporation | )<br>)<br>)<br>)<br>) | |
|     Defendant. | ) | |

## **COMPLAINT**

Comes Now, Plaintiff, Autumn Ervin, by and through counsel, and for her causes of action states as follows:

1. Autumn Ervin is, and has been at all material times, a resident of the State of Oklahoma, within the venue of this Court in the City of Durant, Oklahoma.

2. Bobrick Washroom Equipment Inc., ("Bobrick") is a California corporation registered to do business in Oklahoma through the Secretary of State and doing business within the venue of this Court in Durant, Oklahoma. Bobrick does business under the name of GAMCO Commercial Restroom Accessories, which is a division of Bobrick.

3. All acts complained of herein occurred within the venue of this Court.

4. Plaintiff was employed by Defendant at the GAMCO facility in Durant Oklahoma from September 3, 2008 until August 8, 2012.  Plaintiff was terminated by Defendant from her employment on August 8, 2012.

5. On or about August 6, 2012, Plaintiff was injured on the job when a stack of metal plates fell from a table and landed on her foot. Plaintiff picked up the metal plates from the floor. Plaintiff was avoiding a fall hazard to other employees. She reported the injury to her supervisor within about five (5) minutes of the event.

6. Plaintiff was terminated for the proffered explanations of not "immediately" reporting the injury to her supervisor and for picking up the parts from the floor.

7. Prior to her termination, Plaintiff sustained an on-the-job injury in about May 2010. Plaintiff reported the injury to her employer and pursued a claim for benefits under Oklahoma workers' compensation statutes utilizing and attorney to do so.

8. During the course of her employment, Plaintiff missed worked due to absences which were protected by the FMLA. These include absences for her May 2010 injury to her right shoulder and between May 8, 2012 through July 9, 2012 for a hysterectomy surgery.

## Count 1: FMLA Violations

9. All other paragraphs are incorporated herein.

10. Defendant is an "employer" as defined in 29 USC § 2611 by having more than 50 employees.

11. As of her absences beginning May 2010, and June 4, 2012, and August 6, 2012, Plaintiff was an eligible employee under the FMLA, having worked for Defendant for at least 12 months, and for at least 1,250 hours in the 12 months

11. immediately preceding and being an employee of an employer who has at least 50 employees within a 75 mile radius of Plaintiff's worksite.

12. Plaintiff was absent from work from beginning absences beginning May 2010, and June 4, 2012, and August 6, 2012, as the result of a serious health condition, as defined in the FMLA, 29 USC § 2612. Defendant was aware that Plaintiff's absences were covered by the FMLA.

13. Defendant violated 29 USC § 2615 by interfering with and restraining Plaintiff's attempt to exercise her FMLA rights, by terminating Plaintiff on August 8, 2012 in retaliation for her FMLA protected absences, described above.

14. Defendant 29 USC § 2615 by interfered with and restrained Plaintiff's exercise of her FMLA rights by disciplining Plaintiff for absences which were covered by the FMLA, and in retaliation for prior FMLA absences.

15. The acts of Defendant justify liquidated damages under 29 USC § 2617, and were not based on good-faith and reasonable grounds for it to believe that it was not violating the FMLA.

### Count 2: Workers' Compensation Retaliation

16.  All other paragraphs are incorporated herein.

17. Prior to her termination, Plaintiff sustained on the job injuries within the definitions of Oklahoma Workers' Compensation laws.  Defendant was aware of this injury. Prior to his termination, Plaintiff initiated proceedings for her May 2010 injury and

3

August 8, 2012 injury, via filing either a Form 3 and/or receipt of medical care and other benefits, under the Workers' Compensation laws, 85 O.S. § 1, et seq.

18. Prior to her termination, Plaintiff utilized the services of legal counsel for his workers' compensation claim, and Defendant was aware of Plaintiff's use of counsel before his termination.

19. 85 O.S. § 5(a) prohibits the termination of any employee who has initiated proceedings under Title 85 and who is using an attorney for such proceedings.

20. Defendant terminated Plaintiff in retaliation for her workers' compensation claims, receipt of benefits therefore, and use of any attorney to secure such.

21. Defendant violated 85 O.S. § 5 in terminating Plaintiff.

22. Defendant's actions were malicious, spiteful, intentional, and done with reckless disregard for the rights of another.

### Count 3: Burk Public Policy Claim

23. All prior paragraphs are incorporated herein.

24. On or about August 8, 2012, the Defendant terminated the employment of Plaintiff.

25. Defendant's termination of Plaintiff violated the dominate and well-defined public policy of the State of Oklahoma. The well-defined and dominate public policy of the State of Oklahoma includes, without limitation, the right to a safe working environment, including that reflected in 40 O.S. §§ 178 & 403.

26. Oklahoma public policy further protects acts of employees which are consistent with Oklahoma public policy. Plaintiff was protecting the safety of fellow co-workers, and herself, by clearing the slip and fall trip hazard created by the spillage of many small metal plates on the work place floor and in an aisle traversed by employees.

27. Defendant terminated Plaintiff for an act consistent with Oklahoma public policy and the safety of employees.

### Count 4: Wage Violations

28. All other paragraphs are incorporated herein.

29. At the time of Plaintiff's termination she had accumulated earned but unpaid wages in the form of vacation and leave pay. Such was in the amount of some 64 hours warranting some $771.20 in pay.

30. At the time of Plaintiff's termination, or on the next regularly scheduled pay period for such hours, Defendant failed to provide Plaintiff the earned and due compensation. Rather, Defendant issued her a check for such wages in the amount of zero dollars.

31. Defendants violated Oklahoma wage laws under Oklahoma Statutes Title 40 in failing to pay Plaintiff for earned and due wages after her termination. Defendants did not have a bona fide basis for its violation of Title 40 of Oklahoma Statutes. Defendants are liable for a two-percent per day penalty up to double the amount of the unpaid wages, plus attorney fees to collect such wages.

### Damages

32. The acts and conduct of Defendant, described above, were malicious, spiteful, and in willful and reckless disregard for the legal rights of another.

33. The acts and conduct of Defendant, described above, are the proximate cause of compensatory damage to Plaintiff, including loss of earnings and benefits, out of pocket costs otherwise covered by insurance, loss of earning capacity, emotional

distress, pain of mind and body, all in an amount in excess of $75,000.00, excluding costs, fees, and interest.

Wherefore, Plaintiff prays that judgment be rendered in her favor and against Defendant in an amount in excess of $75,000.00, together with back-pay, interest, costs, expenses, attorney fees, reinstatement or front pay as appropriate, liquidated damages equal to all lost salary, wages, employment benefits, and other compensation denied as a result of termination, and any and all other legal or equitable relief to which she is entitled.

Jury Trial Demanded

Attorney Lien Claimed

Respectfully Submitted,

 s/Loren Gibson

Loren Gibson, OBA 14348
Gibson & Associates, P.L.C.
105 N. Hudson, Suite 312
Oklahoma City, OK 73102
405/270-0900
405/270-0903 (fax)
Counsel for Plaintiff