AUTUMN ERVIN,                                )
                                             )
            Plaintiff,                       )
                                             )
v.                                           )          Case No. CIV-14-329-RAW
                                             )
BOBRICK WASHROOM EQUIPMENT,                  )
INC., d/b/a GAMCO COMMERCIAL                 )
RESTROOM ACCESSORIES,                        )
                                             )
            Defendants.                      )

## ORDER

Before the court is the motion of the defendant for partial dismissal. Plaintiff was employed by defendant from September 3, 2008 until August 8, 2012. The complaint alleges that she suffered an on-the-job injury on or about May, 2010. She pursued a workers' compensation claim through an attorney. On or about August 6, 2012, plaintiff allegedly suffered another injury on the job when metal plates fell on her foot. She picked the plates up from the floor (for the benefit of other employees) and then reported the injury to her supervisor. Plaintiff alleges she was terminated for not "immediately" reporting the injury and for picking up the plates.

Plaintiff brings four causes of action: (1) violations of the FMLA; (2) Workers' Compensation retaliation; (3) *Burk* public policy tort, and (4) violation of Oklahoma wage laws. The present motion is directed at the second and third of these claims.

Regarding plaintiff's second claim, Oklahoma workers' compensation law has undergone a recent revision. As pertinent here, a Workers' Compensation Commission has

been created. *See* 85A O.S. §19(A). The Commission has exclusive jurisdiction to hear and decide retaliation claims.[1] *See* 85A O.S. §§7(A) & (B). Defendant argues for dismissal of plaintiff's second claim on this basis. The court declines to do so. The Act providing the revision (i..e, the "Administrative Workers' Compensation Act," according to 85A O.S. §1) states that it only applies to claims for injuries which occur on or after the effective date of the Act (i.e., February 1, 2014). *See* 85A O.S. §3(B). Otherwise, the former law applies. *See* 85A O.S. §3(C). Even defining the "injury" as the date of plaintiff's termination, the alleged retaliation took place well before the effective date of the Act. The pending motion is denied in this respect.[2]

Turning to plaintiff's third claim, she asserts a *"Burk* tort" under Oklahoma law, which arises where an employee is discharged for (1) refusing to violate an established and well-defined public policy or (2) performing some act consistent with a clear and compelling public policy. *Hawkins v. Schwan's Home Service, Inc.,* 778 F.3d 877, 882 n.3 (10th Cir.2015). *See Burk v. K-Mart Corp.,* 770 P.2d 24, 28 (Okla.1989). The tort applies in a narrow class of cases. *Potter v. Synerlink Corp.,* 562 Fed.Appx. 665, 678 (10th Cir.2014). Among the necessary elements to be alleged are (a) the public policy is found in Oklahoma's

---

[1]Previously, district courts had exclusive jurisdiction over such claims. *See Bostwick v. Atlas Iron Masters, Inc.,* 780 P.2d 1184, 1186 (Okla.Ct.App.1988). The anti-retaliation provisions were codified in 85 O.S. §5 and its successor, 85 O.S. §341.

[2]Defendant has provided copies of orders from Oklahoma state district courts granting motions to dismiss retaliation claims for lack of jurisdiction. Such orders are not binding precedent on this court and, in any event, do not specify the date of injury. In other words, those decisions may well be distinguishable from the facts of this case.

constitutional, statutory, or decisional law or in a federal constitutional provision that prescribes a norm of conduct for Oklahoma and (b) no statutory remedy exists that is adequate to protect the Oklahoma policy goal. *Id.*

Plaintiff alleges that the public policy involved here is the right to a safe working environment. By picking up the metal plates, plaintiff asserts, she was clearing a "slip and fall trip hazard" and thereby acting consistently with this policy. In the complaint, plaintiff cited 40 O.S. §§178 and 403 as reflecting such a policy. Both statutes present difficulties for this contention, as the briefing indicates. Title 40, section 178 provides a cause of action for personal injury to an employee caused by an employer in certain circumstances. The difficulties, as related to a *Burk* claim, are that (1) the cause of action is limited to injuries by reason of "any defect in the condition of the machinery or appliances" used in the business; and (2) if the statute is somehow applicable to these facts,[3] it appears to provide an adequate remedy, thus obviating the need for a *Burk* tort.

As to 40 O.S. §403, which describes employer duties under the Oklahoma Occupational Safety and Health Act, the Oklahoma Supreme Court has held that it does not apply to private employers. *See Griffin v. Mullinix,* 947 P.2d 177 (Okla.1997).

On the other hand, as plaintiff notes in her response, Oklahoma court decisions do recognize the common law doctrine that "[a]n employer has a duty to provide a safe workplace for his employees." *Weber v. Armco, Inc.,* 663 P.2d 1221, 1226 (Okla.1983).

---

[3] As defendant notes (#16 at 5), in her response (#15) "plaintiff appears to argue she was remedying a defect when she picked up the metal plates that had fallen in the floor."

In the long term, the court has its doubts. Plaintiff does not contend that she refused to perform an act in violation of public policy. Therefore, her asserted *Burk* claim is that she was discharged for performing an act *consistent with* the public policy. She argues that she moved the metal plates as an act of workplace safety. She continues: "It is hard to imagine that an employer would argue that public policy permits it to knowingly permit a fall hazard in the workplace." (#15 at 7). On the contrary, an employer might not wish an "accident scene" disturbed because its investigation into the accident would be impeded. In that sense, plaintiff's conduct was arguably <u>inconsistent</u> with public policy. Precisely what happened with the "metal plates" initially and what plaintiff did with them afterwards is unclear.

This factual matter is not to be resolved at this stage, however. Rule 8(a)(2) requires "a short and plain statement of the claim to show that the pleader is entitled to relief." The court must accept all the well-pleaded allegations of the complaint as true and construe the allegations in the light most favorable to the plaintiff. *Alvarado v. KOB-TV, LLC,* 493 F.3d 1210, 1215 (10th Cir.2007). Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver,* 567 F.3d 1169, 1178 (10th Cir.2009). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007)). Asking for plausible grounds does not impose a probability requirement at the pleading stage; it simply calls for

4

enough facts to raise a reasonable expectation that discovery will reveal evidence supporting the claim. *Robinson v. St. John Medical Center, Inc.,* 2013 WL 5407592, *1 (N.D.Okla.2013). Plaintiff's third claim survives the pleading stage.

It is the order of the court that the motion for partial dismissal of defendant (#9) is hereby denied.

**ORDERED THIS 13th DAY OF APRIL, 2015.**

**Dated this 13th day of April, 2015.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma